IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LUPIS ENTERPRISES INC. d/b/a<br>LUPIS MEXICAN GRILL & SPORTS CANTINA<br><br>Defendant. | CIVIL ACTION NO.<br>3:04-cv-02031-RLA<br><br>*Received & Filed*<br>*12/21/06*<br>*at 10:00 am* |

## CONSENT DECREE

1. This Consent Decree (the "Decree") is made and entered into by and between Plaintiff, the Equal Employment Opportunity Commission (hereinafter referred to as the "Commission" or "EEOC"), and Defendant, Lupis Enterprises Inc. d/b/a Lupis Mexican Grill & Sports Cantina hereinafter referred to as the "Company or "Defendant"). The Commission and Defendant are collectively referred to herein as "the Parties."

2. On September 30, 2004, EEOC initiated this action by filing its Complaint in the United States District Court for the District of Puerto Rico, Civil Action No. 3:04-CV-02031-RLA, based upon charges filed by Lissette Betancourt (EEOC Charges No.'s 16H-A4000-21; 16H-A4001-36), Yadira Rivera Martinez (EEOC Charge No. 16H-A4000-22), Tania Cruz Romero (EEOC Charge No. 16H-A4000-14), and Jannessa Hammerle (EEOC Charge No. 16H-A4000-20). EEOC's Complaint alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, including but not limited to, amendments authorized by the Civil Rights Act of 1991, 42 U.S.C.

1

Section 2000e *et seq.* ("Title VII") by subjecting Ms. Betancourt, Ms. Rivera, Ms. Cruz and Ms. Hammerle to sexual harassment by a management official of the Defendant corporation which was sufficiently severe and pervasive to constitute a hostile, intimidating work environment. The Complaint further alleges that Defendant subjected Ms. Betancourt to adverse terms and conditions of her employment for rejecting the management official's sexual advances and retaliated against her for complaining of the sexual harassment by discharging her from her employment.

3. In the interests of resolving this matter, to avoid the costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding upon the Parties, their successors and assigns.

4. The Parties agree that this Decree resolves all claims alleged against the Defendant in EEOC Charge Numbers 16H-A4000-21; 16H-A4001-36; 16H-A4000-22; 16H-A4000-14 and 16H-A4000-20, and the Complaint filed in this action, and constitutes a complete resolution of all claims under Title VII that were made by the Commission in this action.

5. NOW, THEREFORE, the Court having carefully examined the terms and provisions of this Decree, and based on the pleadings filed by the parties, it is ORDERED, ADJUDGED AND DECREED THAT:

### JURISDICTION

6. This Court has jurisdiction of the subject matter of this action and over the Parties for the purposes of entering and enforcing this Decree. This Court also has jurisdiction over Eduardo Figueroa, individually, with respect to his obligations as guarantor under paragraph 18 hereof.

7. No party, including Eduardo Figueroa individually, shall contest jurisdiction of this

federal court to enforce this Decree and its terms or the right of the EEOC to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## GENERAL PROVISIONS

8. Defendant, its officers, and employees, are hereby enjoined from engaging in conduct which violates Title VII of the Civil Rights Act of 1964, as amended, by adversely affecting the terms and conditions of any individual's employment because of their gender.

9. Defendant, its officers, and employees, are hereby enjoined from discriminating against any employee who opposes any of Defendant's practices which the employee believes to be unlawful employment discrimination, who files a charge of discrimination with the EEOC alleging violation(s) of such statute; who cooperates with the EEOC in the investigation and/or prosecution of any charge of discrimination; or who cooperated in the investigation or prosecution of this case.

## DISCRIMINATION POLICY AND TRAINING

10. Defendant agrees to establish and maintain for the duration of this Decree a written policy against sexual harassment which is attached as Exhibit A. Defendant agrees that all of its employees and managers will be provided a complete copy of its policy against sexual harassment within thirty (30) days of the entry of this Decree. Defendant also agrees that all new employees shall be given a copy of its policy against sexual harassment within their first week of employment with the Defendant.

11 In order to further ensure the effective implementation of Defendant's anti-discrimination policy, Defendant will conduct a two (2) hour annual training for all of its managers and supervisory personnel with specific emphasis on recognizing harassment, on acts that could constitute retaliation, and on the proper procedure to be followed if they become aware of

harassment in the workplace or if they receive complaints of discrimination. Defendant agrees to provide the EEOC, at least two weeks notice before it conducts its training session(s), with the date(s) and location(s) of the training, the identification of the training materials to be used at the training session, and a general description of the category of employees who will be in attendance at the training. The training will be conducted by an individual selected by Defendant's counsel and approved by EEOC. Additionally, Defendant agrees that the EEOC shall, at the EEOC's discretion, be in attendance at each training session(s).

12. Defendant agrees that the training described in paragraph 11 shall be conducted within thirty (30) days of the entry of this Decree. And, should thereafter take place annually in the same format, by November 30, for the duration of this Decree. Defendant further agrees that the discrimination policy and training materials utilized for the training described in paragraph 11 shall be presented to and explained to all new managers and supervisors, who did not attend the annual training, within thirty (30) days of being placed in a management or supervisory position.

## POSTING

13. Defendant will post a laminated 11 x 14 copy of the Notice, attached as Exhibit B, no later than November 30, 2006. Said notice shall be posted at both of Defendant's restaurants for the duration of this Decree in a conspicuous location accessible to all employees such as an employee bulletin board and/or break/lunch room.

## MONITORING

14. Defendant will retain all employment and/or investigative records relating in any way to any complaint or allegation of harassment at the Defendant's restaurants for the duration of this Decree and as required under federal law.

15. Defendant will certify to the EEOC semi-annually throughout the duration of this Decree that it is in compliance with all aspects of this Decree. The first such certification will be due no later than thirty(30) days from the first training provided pursuant to paragraph 11. With each certification Defendant will further provide the EEOC with the name, address, and phone number of any person who alleges they have been harassed while working for Defendant during the preceding six month period. Defendant will also state the actions taken in response to each such allegation and provide any and all documentation associated with such complaint. The certifications required to be submitted to the EEOC pursuant to this Consent Decree shall be mailed with the notation LUPIS MEXICAN GRILL & SPORTS CANTINA to: United States Equal Employment Opportunity Commission, Attention: Office of the Regional Attorney, 1 Biscayne Tower, Suite 2700, 2 South Biscayne Boulevard, Miami, Fl 33131.

## MONETARY RELIEF

16. Defendant agrees to pay a total amount of $55,000.00 (Fifty-five thousand dollars) to resolve this litigation. The payments referenced herein shall issue and be distributed as set forth below in Exhibit C attached hereto.

17. If Defendant fails to tender the above-mentioned payment as set forth in paragraph 16 above and Exhibit C , then Defendant's shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant. If for any reason whatsoever Defendant fails to make all payments in full on their respective due dates, then the obligation of Defendant to pay all amounts then and thereafter due (i.e., payments scheduled to become due at a later date) and all interest and other fees and costs shall be automatically

accelerated, without further act or deed by any person, and without further notice to or order of this Court, so that the entire amount then remaining due and payable shall be immediately due and payable.

18. Eduardo Figueroa ("Figueroa") hereby agrees to personally guaranty all payments (including interest, fees and costs) due from Defendant under this Consent Decree. If Defendant fails to make payment of any amount due hereunder at the scheduled date for payment, Figueroa shall, without further act or deed by any person, and without further notice to or order of this Court, make such payment (including any amounts accelerated pursuant to paragraph 17, above) within 10 days of the date the payment by Defendant was due.

## ENFORCEMENT OF DECREE

19. The Commission shall have independent authority to seek the judicial enforcement of any aspect, term or provision of this Decree.

20. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant will provide a copy of this Consent Decree to any organization or person which proposes to merge with Defendant or acquire a majority or all of the stock in, or substantially all the assets of, Defendant, prior to the effectiveness of any such merger or acquisition. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

## COSTS

21. Each Party shall bear its own costs associated with this litigation.

## DURATION OF CONSENT DECREE

22. The duration of this Decree shall be two (2) years from the date of entry of the Decree.

23. The Court will take whatever measures necessary to effectuate the terms of this Decree.

SO ORDERED, ADJUDGED AND DECREED, this 20th day of December, 2006.

_____
RAYMOND L. ACOSTA
UNITED STATES DISTRICT JUDGE

AGREED TO:
FOR THE PLAINTIFF,
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

by: s/ Gregory Gochanour        Date: November 22, 2006
    Gregory Gochanour
    Acting Regional Attorney
    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    Miami District Office
    One Biscayne Tower, Suite 2700
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 530-6001
    Facsimile: (305) 536-4494

AGREED TO:
FOR THE DEFENDANT:
LUPIS ENTERPRISES INC. d/b/a
LUPIS MEXICAN GRILL & SPORTS CANTINA

by:  s/ Enrique J. Mendoza Mendez          Date: 11/22/06
     Enrique J. Mendoza Mendez
     USDC-PR 202904
     Attorney for Defendant
     MENDOZA LAW OFFICES
     P.O. Box 9282
     San Juan, P.R. 00908-0282
     Tel. (787) 722-5522; 722-5530
     Fax. (787) 723-7057

AGREED TO:
EDUARDO FIGUEROA,
GUARANTOR

by: _____          Date: 12/27/06
    Eduardo Figueroa, individually, as guarantor

8